U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the order of the Court.**

**Signed February 17, 2006**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| ICE MELT PRODUCTS, L.L.C., | § | CASE NO. 05-50549-RLJ-11 |
| | § | |
| Debtor | § | |

| | | |
|---|---|---|
| ICE MELT PRODUCTS, L.L.C., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-5024 |
| | § | |
| CAROL CLAYTON WILSON, ET AL | § | |
| | § | |
| Defendants | § | |

## MEMORANDUM OPINION

The Court considers whether to grant summary judgment in favor of the defendants Carol

Clayton Wilson, et al (the "Wilson Parties").[1]  Ice Melt Products, L.L.C. ("Ice Melt") is the

plaintiff in this adversary proceeding and debtor-in-possession in the underlying chapter 11 case.

The Wilson Parties submit that, as a matter of law, the relief sought by Ice Melt in this

adversary proceeding is barred by the principles of collateral estoppel and res judicata.  In

addition, and alternatively, the Wilson Parties contend that the relief sought by Ice Melt in this

adversary proceeding is prohibited under the specific terms of a Surface Deed between the parties

that gives rise to their dispute.[2]

Upon consideration of the summary judgment evidence and the arguments made by the

parties, the Court is of the opinion that Ice Melt's claims are barred by res judicata.  Given the

Court's conclusion, it is not necessary to address the Wilson Parties' claims that Ice Melt's suit is

barred by collateral estoppel or by the terms of the Surface Deed between the parties.

## Procedural Background

Ice Melt filed bankruptcy under chapter 11 of the Bankruptcy Code on May 5, 2005.  On

July 27, 2005, Ice Melt filed its complaint initiating this adversary proceeding in which it seeks the

---

[1]The defendants in this case are Carol Clayton Wilson, individually and on behalf of A. Mardes Clayton III, Noranne Clayon, in her individual capacity and as trustee of the Noranne Clayton Living Trust, Theresa Clayton Gregory, Scott Clayton, Individually and as attorney-in-fact for Nan Clayton Martin, Community Bank of Raymore, Trustee for William L. Abernathy, W. D. Johnson Jr, for the benefit of Dorothy Haggerty, Timothy S. Brandom, Laura E. Couch, William S. Brandom Jr., Deborah B. Miller, Robert J. Brandom, Thomas M. Scruggs for the benefit of Lillian Smart, Kern Kenyon, Claudia Kenyon, Abbie J. Burton for the benefit of Lynn Lumbard, Abbie J. Burton for the benefit of Mark Lumbard, Abbie J. Burton for the benefit of Nancy Martin, Abbie J. Burton for the benefit of Susan Martin, Abbie J. Burton for the benefit of Laura Martin, Abbie J. Burton for the benefit of Kathleen Field, and Community Bank of Raymore, trustee for Jacqueline B. Charno Charitable Lead Trust, Bebe and Tom Dunnicliffe Charitable Lead Trust, David L. Fayman, and Faith Fayman Strong.

[2]The Wilson Parties actually submit there are two different theories under the Surface Deed that prohibit Ice Melt from going forward in this adversary proceeding.  First, the Wilson Parties submit that the relief sought by Ice Melt is prohibited under the terms and restrictions of the Surface Deed.  Second, the Wilson Parties submit that Ice Melt has no rights to the brine water under the property covered by the Surface Deed as the brine water is a mineral which is expressly reserved by the grantors of the Surface Deed.

determination and declaration by this Court that the drilling of two wells upon property covered by a Surface Deed dated July 6, 2000, is within Ice Melt's rights and does not violate any prior agreement with the Wilson Parties or violate a prior judgment entered by the 132nd District Court of Borden County, Texas. The 132nd District Court rendered a judgment on April 19, 2005, for injunctive, declaratory and monetary relief in cause number 1128 in favor of the Wilson Parties and against Ice Melt and companies with which it is affiliated.[3] This chapter 11 proceeding was filed before the 132nd District Court judgment became final.

On August 24, 2005, the Wilson Parties filed a motion for mandatory and/or discretionary abstention, a motion to dismiss, and their original answer. On November 18, 2005, this Court considered the Wilson Parties' motions for abstention and dismissal, and, on November 21, 2005, issued its order which (1) denied the motion to abstain; (2) found that, under Federal Bankruptcy Rule of Procedure 7012, the motion to dismiss is more properly and should be considered as a motion for summary judgment; and (3) granted additional time to submit additional briefing and/or evidence in support of the parties' positions regarding whether Ice Melt's claims in this adversary proceeding should be dismissed under a summary judgment standard. *See* FED. R. BANKR. P. 7012(b), 7056(b)-(c).

On December 7, 2005, Ice Melt filed its First Amended Complaint and Request for Declaratory Judgment. By this amended complaint, Ice Melt sought, in addition to the relief requested by its original complaint, a declaration that it be allowed to drill two wells for the

---

[3]The Wilson Parties and Ice Melt both refer to the defendants in the state court action other than Ice Melt as "sister" companies, one of which is Snyder Magnesium, Inc. The Wilson Parties also contend, which is not disputed, that the so-called sister companies were owned by the same people who owned Ice Melt, Dick Crill and C. D. Gray, Jr.

purpose of pumping various kinds of "brackish" water, such water to be loaded and sold as produced. Both Ice Melt and the Wilson Parties filed supplemental briefs in support of their positions on the Wilson Parties' motion to dismiss (which is treated as a motion for summary judgment) and submitted additional summary judgment evidence in support of their claims.

## Discussion

1. Generally

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986); *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). On a summary judgment motion the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255. A factual dispute bars summary judgment when the disputed fact is determinative under governing law of the issue before the court. *Id.* at 250. The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

2. Res Judicata

Res judicata requires proof of three elements: (1) a prior final judgment on the merits by a

4

court of competent jurisdiction, (2) the same identity of parties or those in privity with them, and (3) a second action based on the same claims as were raised or *could have been raised* in the first action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644 (Tex. 1996) (emphasis added).

"When a federal court is asked to give claim preclusive effect to a state court judgment, the federal court must determine the preclusiveness of that state court judgment according to the principles of claim preclusion of the state from which the judgment was rendered." *United States ex rel. Laird v. Lockheed Martin Eng'g and Sci. Serv. Co.*, 336 F.3d 346, 357 (5th Cir. 2003). "In Texas, '[r]es judicata or claim preclusion prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit.'" *Id*. (citing *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992)).

In the present case, the first two elements are established and uncontested. The third element, whether the same claim was or could have been raised, is disputed. In *Barr*, the Texas Supreme Court adopted the transactional approach to res judicata as it is described in the Restatement of Judgments. The Court stated,

> the transactional approach to claims preclusion of the Restatement effectuates the policy of res judicata . . . Discovery should put a claimant on notice of any need for alternative pleading. Moreover, if success on one theory becomes doubtful because of developments during trial, a party is free to seek a trial amendment.

*Id.*

Ice Melt contends its claim is not barred by res judicata because it could not have anticipated the need for new wells on its own property until after the state court rendered judgment against them. Pl.'s Suppl. Br. in Opp'n to Def.'s Mot. to Dismiss at 4. This contention

5

does not support an argument against res judicata. As the Court in *Barr* pointed out, "discovery should put a claimant on notice of any need for *alternative* pleading." *Barr*, 837 S.W.2d at 630 (emphasis added). Ice Melt did anticipate that judgment may be adverse, and, therefore, filed a counterclaim against the Wilson Parties. This counterclaim described potential repercussions should the contested lease agreement be terminated by the state court and asked for damages in that event. Def.'s Ex. G, Part 8 of 10, at 158. Ice Melt offered no credible argument as to why it was capable of anticipating the need for cleanup damages but not a potential need for a new water source. Termination of their lease was clearly an expected result and they could have requested the state court determine its right to drill new wells. Such an alternative pleading is exactly what the Court in *Barr* envisioned.

Ice Melt contends that fact questions exist because the Surface Deed states that the use of the property is limited to brine water operations and "any additional processing of brine water products and byproducts." This language, according to Ice Melt,

> brings into sharp focus that fact questions exist as regards whether or not what Ice Melt wants to do constitutes a prohibited "activity," what does "store or process" mean, is what Ice Melt contemplating the type of "brine water operations" that are prohibited, does the activity constitute "additional processing of the brine water products and byproducts," and is the activity a "type of operations" that is prohibited by the Surface Deed?

Pl.'s Supp. Br. at 6.

The Court would note, however, that the judgment specifically provides that Ice Melt is prohibited from storing or processing brine water, which was, in fact, the only "operations" permitted under the Surface Deed. After stating that the use of the property is limited to brine water operations, the Surface Deed specifically states that "[n]o other type of operations shall be

6

conducted on the Property." Def.'s Ex. G at 0125. No fact question remains. If the drilling of

two water wells constitutes brine water operations, it is prohibited by the Surface Deed restriction

as construed by the state court. No other operations are allowed. While the precise question of

whether the drilling of two wells is allowable may not have been expressly considered by the state

court, it certainly *could have been raised* before the state court.

### 3. Res Judicata and Ice Melt's State Counterclaim

Ice Melt argues that its claim to drill two new wells did not constitute a compulsory

counterclaim in the state court action and therefore is not subject to the preclusive effect of res

judicata. Because Ice Melt filed a counterclaim for damages in the state court action, it is not

necessary for this Court to determine whether the right to drill new wells would constitute a

compulsory counterclaim at the state level.

> Res judicata only applies to the cause of action filed by the plaintiff and not to the
> counterclaim, which might have been filed by the defendant, unless the compulsory
> counterclaim rule is applicable. . . . However, where a defendant does interpose a
> claim as a counterclaim and a valid and final judgment is rendered against him on the
> counterclaim, the defendant becomes a counter-defendant for res judicata purposes
> and is required to assert all claims against the plaintiff arising from the subject matter
> of the original claim.

*Musgrave v. Owen*, 67 S.W.3d 513 (Tex. App.–Texarkana 2002, no pet. h.) (citing *Getty Oil Co.*

*v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex.1992)).

> A determination of what constitutes the subject matter of a suit necessarily requires
> an examination of the factual basis of the claim or claims in the prior litigation. It
> requires an analysis of the factual matters that make up the gist of the complaint,
> without regard to the form of action. Any cause of action which arises out of those
> same facts should, if practicable, be litigated in the same lawsuit.

*Barr*, 837 S.W.2d at 630.

Using the Texas transactional approach to determine whether the transaction is the same,

7

the court must consider and weigh whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business usage. *Musgrave* at 519. "The transactional approach requires courts, in order to determine res judicata, to examine the factual basis, not the legal theories, presented in the cases. The main concern is whether the cases share the same nucleus of operative facts." *Id*.

The *Musgrave* case involved a continuing dispute over deeds and restrictive covenants, much like the case at hand. There the court determined the second action arose from the same transaction as the first and fit the parameters of res judicata because the plaintiff in the second action had raised a counterclaim in the first. The *Musgrave* court explained the res judicata effect arising from counterclaims: "[o]nce Musgrave raised a counterclaim in Musgrave 1 and put himself in the posture of a plaintiff, he was required by both res judicata and Tex. R. Civ. P. 97(a) to bring all mature causes of action arising from the same set of facts and circumstances." *Id*. Musgrave contested, as does Ice Melt here, the determination that the two claims arose from the same transaction. *Id*. After an extensive array of examples where two cases arise under the same subject matter, the *Musgrave* court explained how the legal relationship created by deeds and their covenants obligates the parties to bring all claims in one action. "[T]he subdivision's restrictive covenant constituted a legal relationship between Musgrave, his successors in interest, and the lot owners. Thus, any claim arising from that relationship arises from the same subject matter." *Id*. at 520. The Surface Deed between the Wilson Parties and Ice Melt contains a restrictive covenant and created a legal relationship between the parties. Therefore, the claims urged by Ice Melt arise from the same subject matter as did the state court action and Ice Melt, as

8

counter-plaintiff, was required to bring these claims in that action.

Finally, Ice Melt offers the same argument as did Musgrave that the current action would not have been necessary had they been successful in the original action.  This argument failed in *Musgrave*.  "[T]he contingent nature of claims does not preclude the operation of res judicata." *Id*. (citing *Getty Oil Co*., 845 S.W.2d at 799-800 (relying in part on Tex. R. Civ. P. 51(b), which permits joinder of two claims even when one of the claims is dependent on disposition of other)).

     4.  Ice Melt's Argument under 11 U.S.C. § 105

Ice Melt urges this Court to look to equitable principles under section 105 of the Bankruptcy Code as a means to avoid the binding effect of res judicata.  This Court is not within its authority to ignore established principles of res judicata.  *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394 (1981) ("The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.'") (internal citation omitted); *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316 (1927) (The effect of a judgment or decree as res judicata depends on whether the second action . . . is upon the same or a different cause of action.  If upon the same cause of action, the judgment or decree upon the merits in the first case *is an absolute bar* to the subsequent action or suit between the same parties . . . , not only in respect to every matter which was actually offered to sustain the demand, but also as to every ground of recovery which might have been presented.); *Browning v. Navarro*, 887 F.2d 553, 561 (5th Cir. 1989) ("As a general rule bankruptcy courts are bound by both branches of res judicata.").

**Conclusion**

9

As the first two elements of res judicata are not disputed and given the claims raised in this adversary should and could have been raised in the original state court action, this adversary claim is barred by res judicata. The Wilson Parties' motion to dismiss (treated as a motion for summary judgment) will be granted. It is not necessary to address the remaining claims of the Wilson Parties.

### End of Memorandum Opinion ###